JAMES REED and JAMES F. MURRAY, Executors of MARGA-
    RET M'COY, deceased, and DAVID HOLDEN, v. JOHN
    MURRAY.

One who has purchased and paid for land for the benefit of another, whom he
    allows to take possession, holding the legal title, however, as security for the pur-
    chase-money, may enforce the payment of the purchase-money by ejectment and
    a conditional verdict.

ERROR to the Common Pleas of Northumberland.

*July* 20.   This was an action of ejectment, brought by John
Murray against the executors of his sister, Mrs. M'Coy, and David
Holden, the tenant in possession.

It appeared from the evidence, that John Murray, on 19th April,
1834, took a conveyance to himself for the land in controversy
from one Bolinger and another, paying them therefor the sum of
$150. Murray, in fact, purchased this land for Mrs. M'Coy, who
paid him $70 towards the price of it, and went into possession.
The remainder being due and unpaid, this action was brought to
enforce the payment of the purchase-money. Before bringing suit,
the plaintiff tendered a deed to the executors, defendants, who
treated this tender in the manner described in the opinion of this

court. This deed being offered in evidence on the trial, was admitted under exception by the defendants. The jury rendered a verdict for the plaintiff, conditioned, that if the defendants pay by 1st April, 1845, to the plaintiff $80, with interest from 1st May, 1835, then judgment to be entered for the defendants.

*Jordan,* for the plaintiff in error.—The trustee, John Murray, cannot maintain ejectment against the personal representatives of his deceased *cestui que trust.* If he recovered the land, the possession would not be his, but the *cestui que trust's,* at least to the amount she paid: German *v.* Gabbald, 3 Binn. 302; Duffield *v.* Wallis, 2 S. & R. 521; 1 Iredell's Eq. Rep. 423; 10 Bacon's Abr. 529. He asks equity; he should do it by paying the money Mrs. M'Coy paid him, and that before suit brought.

*Miller,* contrà.

The opinion of this court was delivered by

COULTER, J.—The first error assigned, as to the admission of the deed from John Murray to the executors, cannot be sustained. Because, in the first place, the defendant does not state in his bill of exceptions, in what particular the proof of its execution is alleged to be defective; and the defendants, James F. Murray and James Reed, the executors, to whom the deed was tendered, made no objection whatever, as to the execution; on the contrary, after looking at the deed, James F. Murray said, I suppose I will admit the tender, and Reed handed it back to Murray and said he didn't care about the deed. Under these circumstances, it is impossible for this court to say that there was anything defective in the execution, as the deed is not made part of the paper-book by the plaintiff in error.

The evidence was pertinent to the issue, and did conduce to prove the tender. The fact is, it could not have been proved without showing the deed or proving its loss.

The evidence was rightfully admitted.

There was no error in answering the points of the defendant negatively, under the general terms in which they were put.

A trustee may undoubtedly recover from the *cestui que trust* in ejectment. Every vendor, until he has executed a deed, is considered in equity as the trustee of the vendee; and he may enforce the contract by ejectment. And I would be fain to hear any plausible reason, why a man, who has purchased and paid for land for the benefit of another person, whom he allows to take possession, and who holds the legal title as security for the purchase-money,

should not, if the *cestui que trust* refused to pay the money, or set up title in himself, either by the statute of limitations or otherwise, be permitted to enforce the contract, and compel the delinquent to do justice, by the remedy of the action of ejectment.

The defendants had occupied the land for a long time, and had received from the rents and profits, in all probability, more than Mrs. M'Coy had paid. But that matter was fairly left to the jury.

A conditional verdict is now well adopted and affiliated in our jurisprudence. It is an important adjunct and aid in our mode of administering and applying equitable principles in relation to contracts concerning lands.

This case was peculiarly adapted to its application. By means of its operation, complete justice could be done, and no doubt was done, by the jury to all parties.

Its effect was altogether in favour of the defendants; it saved and protected every right and interest they had in the premises in question.

Murray, the plaintiff, purchased the land for Mrs. M'Coy, and paid for it; she went into possession, and enjoyed the premises for a long time. Murray took the title in his own name, as security for the purchase-money. After her death, he brings this ejectment against her executors to compel payment of the purchase-money. It is in vain to set up or allege that he was trustee, and could not recover against *cestui que trust*. Beneficiaries and *cestuis que trust* must do equity as well as others, and there is a mode of compelling them. Trustees in proper cases can maintain ejectment against them in Pennsylvania, and this is one of those cases.

Judgment is affirmed, to be released on payment of the sum found by the jury, with interest and costs within the time limited by the verdict.

Judgment affirmed.